IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-20-282-C |
| | ) | |
| GAYLE STEELE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking early compassionate release. In support, Defendant offers no meaningful explanation of what health conditions she has that increase her risk of complication should she contract COVID-19. Rather, Defendant offers a brief outline of how her conditions of confinement have been affected by COVID-19 procedures in place at her place of confinement. At the Court's direction, Plaintiff has filed a Response to the Motion and the matter is now at issue.

18 U.S.C. § 3582(c)(1)(A) imposes three criteria to be considered when addressing a request for compassionate relief: (1) filing requirements; (2) extraordinary and compelling reasons; and (3) that the reduction is consistent with the 18 U.S.C. § 3553 factors. Plaintiff argues Defendant has not met the required step of exhausting administrative remedies. Section 3582(c)(1)(A) requires an individual seeking relief to first file a request with the warden at the facility of incarceration. If that request is denied or deemed denied, then and only then may relief be sought in court. Defendant offers no indication that she has taken any steps to exhaust the administrative process. As Plaintiff

notes, the Tenth Circuit has held that exhaustion is a mandatory claims processing rule and when invoked by the government, it must be enforced.  See <u>United States v. Hemmelgarn</u>, 15 F.4th 1027, 1031 (10th Cir. 2021).  Because Defendant has failed to exhaust her administrative remedies, her request for compassionate relief must be denied.

Even had Defendant demonstrated exhaustion, her claim would still fail as she has not offered any evidence that she suffers from a serious health condition.  Thus, she cannot show extraordinary and compelling reasons warranting relief.

For the reasons set forth herein, Defendant's Motion for Compassionate Release (Dkt. No. 36) is DENIED.

IT IS SO ORDERED this 1st day of March 2022.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge